IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00078-GPG

KERMAN-RAY CARR OF THE HOUSE OF CARR, Sui Juris, and
PRISCILLA-DENISE CARR OF THE HOUSE OF CARR, Sui Juris,

   Plaintiffs,

v.

ALEX J. MARTINEZ,
STEPHANIE O'MALLEY,
ROBERT WHITE,
GARY WILSON,
CONNIE COYLE,
ROGER COBB,
IAN CULVERHOUSE,
GEORGE GATCHIS,
KEVIN LIPPARD,
MICHAEL MCDANIEL,
ROSS MICKELSON,
WILBUR MURRAY,
FEREIDOON SAMIMI,
RANDY BARNES, and
BRANDON "09",

   Defendants.

## ORDER OF DISMISSAL

Plaintiffs, Kerman-Ray Carr and Priscilla-Denise Care, currently reside in Denver, Colorado. The instant action was commenced on January 12, 2015 when Plaintiffs submitted to the Court *pro se* a document titled "File on Demand - Miscellaneous Filing Claim of Injury; Testimony on the Record; Notice of Intent to Sue" (ECF No. 1) in which they appeared to be seeking relief in this Court based on Defendants' alleged constitutional violations. On January 13, 2015, Magistrate Judge Gordon P. Gallagher

entered an order directing Plaintiffs to cure certain deficiencies if they wished to pursue any claims in this action.  Magistrate Judge Gallagher ordered Plaintiffs to obtain the court-approved forms used in filing an Application to Proceed in District Court Without Prepaying Fees or Costs and a Complaint, and to use those forms to cure the designated deficiencies.  Magistrate Judge Gallagher warned Plaintiffs that the action would be dismissed without further notice if Plaintiffs failed to cure the designated deficiencies within thirty day from the date of the order.

On January 27, 2015, Plaintiffs filed a letter (ECF No. 5) stating that "it was not our intention to begin litigation with a formal complaint just yet.  Our intention was and still is to simply open a Miscellaneous Filing as a public record . . . At a later date, we will make a formal Complaint and proceed with a civil lawsuit if necessary."  The Letter does not comply with the January 13, 2015 Order Directing Plaintiffs to Cure Deficiencies, and Plaintiffs do not state in the Letter that they unable to comply with the Court's January 13 Order or that they need additional time to do so.  Plaintiffs, therefore, have failed to comply with the Court's January 13 Order within the time allowed.

Because the Court finds that Plaintiffs have failed to comply with the January 13 Order within the time allowed and have failed to assert a reason why they are unable to do so, the Court will dismiss the action without prejudice for failure to comply with a Court order and for failure to prosecute.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma paupers* status is denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If

Plaintiffs file a notice of appeal they must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pampers* in the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the Complaint and action are dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to comply with the January 13, 2015 Order Directing Plaintiffs to Cure Deficiencies within the time allowed and for failure to prosecute.  It is

FURTHER ORDERED that leave to proceed *in forma pampers* on appeal is denied.

DATED at Denver, Colorado, this  18th   day of    February    , 2015.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court